**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4075**

_____

UNITED STATES OF AMERICA,

                          Plaintiff – Appellee,

       v.

JAMES CURTIS ALFORD, a/k/a Carwash,

                          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:10-cr-00066-RBH-2)

_____

Submitted:  September 13, 2011     Decided:  September 15, 2011

_____

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John Wesley Locklair, III, LOCKLAIR & LOCKLAIR, PC, Columbia, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Curtis Alford pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute and distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Alford was sentenced to the statutory mandatory minimum of 120 months' imprisonment. See 21 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2009) (prescribing ten-year minimum for cases involving five grams or more of cocaine base and prior felony drug conviction) (current version at 21 U.S.C.A. § 841(b)(1)(B) (West Supp. 2011)). Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions the adequacy of the Fed. R. Crim. P. 11 hearing. Finding no error, we affirm.

Because the Government has not sought enforcement of the appellate waiver, we are not precluded from reviewing the claims raised in this appeal. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (stating that, if Anders brief is filed in case with appeal waiver, Government's failure to respond "allow[s] this court to perform the required Anders review"). Initially, counsel questions whether the district court complied with the requirements of Rule 11 but concludes there was no error by the court. As Alford did not seek to withdraw his guilty plea in the district court or otherwise

2

preserve any alleged Rule 11 error by timely objection, review by the court is for plain error. United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002). To establish plain error, the defendant must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (stating that defendant bears burden of establishing each of the plain error requirements). We have reviewed the record and conclude that the district court committed no reversible error in conducting the Rule 11 hearing.

Alford filed a pro se supplemental brief questioning whether the district court erred in failing to apply the safety valve provision under U.S. Sentencing Guidelines Manual § 5C1.2 (2010). The court did not err because Alford had more than the one criminal history point, which removes him from safety valve eligibility.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED